UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EPIC DIVING & MARINE SERVICES, LLC<br>Plaintiff | §<br>§<br>§<br>§ | |
| v. | § | Cause No. 4:16-cv-386 |
| | § | |
| RANGER OFFSHORE, INC.<br>Defendant | §<br>§<br>§ | |

**PETITION TO CONFIRM ARBITRATION AWARD AND
APPLICATION FOR TEMPORARY RESTRAINING ORDER**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Epic Diving & Marine Services, LLC (hereafter "Plaintiff" or "Epic"), and files this Petition to Confirm Arbitration Award and Application for Temporary Restraining Order against Defendant Ranger Offshore, Inc. (hereafter "Defendant" or "Ranger"). In support, Epic respectfully shows the Court as follows:

**I.
THE PARTIES**

1. Epic is a limited liability company organized under the laws of the State of Delaware and maintains its principal place of business at 24955 I-45 North, The Woodlands, Texas 77380.

2. Ranger is a corporation organized under the laws of the State of Delaware and can be served at its principal place of business at 10370 Richmond Avenue, Suite 100, Houston, Texas 77042.

3. Ranger may also be served via its registered agent for service of process: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

1

## II.
## JURISDICTION AND VENUE

4. Epic seeks to confirm a foreign arbitral award falling under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, T.I.A.S. No. 6997, 21 U.S.T. 2517 (1958), as adopted by and implemented in the United States pursuant to Chapter 2 of the Federal Arbitration Act, 9 U.S.C. § 201 *et seq*. This Court therefore has subject matter jurisdiction pursuant to 9 U.S.C. § 203 and 28 U.S.C. § 1331. In addition, this matter arises out of the breach of charter for a vessel in navigation. This Court may also, therefore, maintain subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

## III.
## FACTUAL BACKGROUND

5. Epic (as Owners) and Ranger (as Charterers) entered into a BIMCO SUPPLYTIME 2005 ("BIMCO") Time Charter (the "Charter") for the ADAMS CHALLENGE (the "Vessel"), dated July 7, 2014. The place of delivery and redelivery was Galveston, Texas (Charter at BIMCO Part I, Cls. 7; 8). The Charter identified the vessel's area of operations as West Africa, the Gulf of Mexico, and the Caribbean. (Charter at BIMCO, Part I, Cl. 16). *See* Affidavit of John Herren at Exhibit A.[1]

6. The Charter contained a dispute resolution clause (Charter at BIMCO, Part II, Cl. 34). The Charter was governed by English law and the Charter further provided that any dispute arising out of or in connection with the Charter was subject to arbitration in London in accordance with the United Kingdom's Arbitration Act of 1996. *Id*. The arbitration was subject to the rules of the London Maritime Arbitrators Association ("LMMA"). *Id*.

---

[1] Epic has attached a true and correct copy of the Affidavit of John Herren as Exhibit A, and incorporates Exhibit A by reference herein.

2

7. Epic delivered the Vessel to Ranger who accepted the Vessel. The Vessel operated for Ranger off of the west coast of Africa.

8. Subsequently, a dispute arose between Epic and Ranger over the payment of charter hire under the controlling Charter.

9. Because Ranger failed to pay Epic charter hire, Epic demanded arbitration.

10. Subsequently, an arbitration tribunal (the "Tribunal") was formed pursuant to the Rules of the LMAA.

11. The Tribunal found that Ranger was liable to Epic for charter hire and entered a Partial Final Award in favor of Epic in the amount of $1,571,607.24, plus interest at the rate of 1% per month, pro rata, starting on January 2, 2015. *See* Affidavit of John Herren at Exhibit B.

12. Despite having made amicable demand on Ranger, no amount has been paid to Epic by Ranger to satisfy the Partial Final Award.

## IV.
## REQUEST FOR CONFIRMATION

13. Pursuant to 9 U.S.C. § 207, Epic request that this Court enter an order confirming the Partial Final Award and entering judgment in favor of Epic and against Ranger for the amounts set forth in the Partial Final Award. *Id.*

## V.
## APPLICATION FOR EX PARTE
## TEMPORARY RESTRAINING ORDER

14. Epic's application for a temporary restraining order is authorized by Federal Rule of Civil Procedure 65.

15. It is probable Epic will recover a monetary judgment against Ranger after the Court confirms the Partial Final Award. Epic will then seek to enforce this Court's judgment against Ranger's assets.

16. Ranger currently has assets that are located within this District. Specifically, Ranger has assets that are located at Ranger's facility in Galveston, Texas, located at 5700 Harborside Drive, Galveston, Texas 77554 and 5713 Harborside Drive, Galveston, Texas 77554. These assets include a Hyperbaric Reception Facility, a saturation diving system ("SAT system") and various SAT system component parts and/or pieces (collectively the "SAT Assets"). The SAT Assets are equipment that are routinely placed aboard diving vessels that Ranger operates and/or charters, which Rangers operates globally. Ranger also has facilities that are located in New Iberia, Louisiana, Ciudad Del Carmen, Mexico and Lagos, Nigeria.

17. Epic requests that the Court issue a temporary restraining order preventing Ranger from removing the SAT Assets from the District and/or transferring or selling its ownership of same. Unless the Court grants this request, Epic will suffer serious and irreparable harm and damage of the kind and type which cannot be compensated by monetary relief. If the SAT Assets are sold, transferred, or removed from this District prior the confirmation of the Partial Final Award and execution on the judgment that will result from the confirmation proceedings before this Court, then Epic will have no ability to collect its judgment and no recourse against Ranger.

18. Moreover, if the SAT Assets are allowed to be transferred, sold, or removed from this District, the SAT Assets may be subject to encumbrance, competing liens and/or a judicial sale, which will render the SAT Assets unavailable to satisfy Epic's eventual judgment. Accordingly, the harm that will result if the temporary restraining order is not issued is irreparable. Moreover, if the SAT Assets are removed from this District, Epic will have no adequate remedy at law.

19. Epic is willing to post an appropriate bond if required by this Court.

20. Because the SAT Assets are highly mobile and may easily be removed from this District, there is insufficient time to serve notice on Ranger and to hold a hearing on this application.

## VI.
## APPLICATION FOR TEMPORARY INJUNCTION

21. Epic asks the Court to set its application for temporary injunction for a hearing at the expiration of the temporary restraining order and, after the hearing, issue a temporary injunction against Defendant.

## VII.
## PRAYER

For the foregoing reasons, Epic Diving & Marine Services, LLC, prays that Defendant Ranger Offshore, Inc. be cited and served with this Petition to Confirm Arbitration Award and appear and answer same and that after all due proceedings are had, that Epic Diving & Marine Services, LLC be granted judgment against Defendant Ranger Offshore, Inc., and that this Court grant Diving & Marine Services, LLC its requested relief as follows:

    a. Confirm the Partial Final Award;

    b. Enter judgment against Ranger in the amount of $1,571,607.24, plus interest at the rate of 1% per month, pro rata;

    c. Grant the temporary restraining order as sought herein;

    d. Grant injunctive relief as sought herein;

    e. Award pre-judgment and post-judgment interest;

    f. Award costs of suit;

    g. Award attorneys' fees; and

h.      Award all other relief, in law and in equity, general and special, to which Plaintiff may be entitled.

>   Respectfully submitted,
>
>   */s/ Glenn R. Legge*
>   Glenn R. Legge
>   State Bar No.: 12171330
>   Federal Bar No.: 05420
>   Michael J. Wray
>   State Bar No.: 24050380
>   Federal Bar No.: 381651
>   **LEGGE, FARROW, KIMMITT, McGRATH & BROWN, L.L.P.**
>   5151 San Felipe Ste 400
>   Houston, Texas  77056
>   Telephone:  713.917.0888
>   Facsimile:  713.953.9470
>   **ATTORNEYS FOR EPIC DIVING & MARINE SERVICES, LLC**