UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **EPIC DIVING & MARINE SERVICES, LLC** | § § § § | |
| | § | **CIVIL ACTION NO. 4:16-CV-386** |
| **v.** | § § § § | |
| **RANGER OFFSHORE, INC.** | § | |

## AGREED PRELIMINARY INJUNCTION

The Court has considered the Application for Temporary Restraining Order included in the Petition to Confirm Arbitration Award filed by Plaintiff Epic Diving & Marine Services, LLC ( "Epic"), as well as the Opposition to the Application for Restraining Order filed by Ranger Offshore, Inc. ("Ranger") and argument of counsel on February 16, 2016.

Based on the evidence and argument of counsel, and the parties' agreement, the Court orders that during the term of this case and until satisfaction of any Judgment rendered herein, including but not limited to any subsequent action by Epic to enforce said Judgment, or the further written agreement of the parties, Ranger is preliminarily enjoined and shall refrain from taking any steps whatsoever to sell, transfer ownership, encumber (beyond existing perfected liens), dissipate, damage, dispose of or lessen the appraised value of certain identified assets that have been defined in a separate confidential letter agreement between Epic and Ranger dated February 29, 2016 (the "Letter Agreement"). The Letter Agreement shall identify the assets that are subject to this Court's Order, set forth the location of the assets and the fair market value of the assets. The Court further orders that if

1

Ranger moves the assets that are set forth in the Letter Agreement, Ranger is required to inform Epic within twenty four (24) hours of the movement of the assets and the new location of the assets. In the event that Epic obtains a Judgment in the above-captioned matter, Ranger shall return the assets, at its sole cost and expense, to the original location as set forth in the Letter Agreement.

    This Order shall not be effective unless and until the Plaintiff executes and files with the Clerk a bond (or cash in lieu of bond) in conformity with the law in the amount of $5,000.00.

    Each party shall bear its own costs in connection with Epic's Application for Temporary Restraining Order and this Agreed Preliminary Injunction. All relief not expressly granted is denied.

    Signed this ____ day of February, 2016.

_____
**UNITED STATES DISTRICT JUDGE**